SCHEB, Acting Chief Judge.
The defendant, Jack Henriquez, Jr., appeals his convictions and concurrent life sentences for two armed robberies of jewelry stores. We affirm the defendant’s conviction and sentence for the robbery of Mason-Dixie Jewelers (count one), and we reverse his conviction for the robbery of Pierro’s Jewelry (count two).
The defendant raises two issues on appeal, only one of which has merit and warrants discussion. He argues that the trial court erred in denying his motion for judgment of acquittal as to the Pierro robbery due to the evidence against him being legally insufficient. We agree. No one at Pierro’s Jewelry could identify the defendant as one of the two perpetrators. Joe Rodriguez, who admitted to both robberies, denied on the stand that the defendant was his accomplice. None of the Pierro merchandise was ever found.
The only affirmative suggestions of the defendant’s guilt of the Pierro robbery were Joe Rodriguez’s prior written statements in which he named the defendant as his accomplice and Catherine Rodriguez’s testimony that her husband and the defendant came to their house with jewelry which they then fenced. Ms. Rodriguez testified that her husband told her that they (Rodriguez and the defendant) had committed the Pierro robbery and the defendant had fired a shot. The state offered these statements and the trial court received them expressly for impeachment purposes pursuant to section 90.608(l)(a), Florida Statutes (1987) (prior statements of a non-testifying witness are only admissible for impeachment). See Brumbley v. State, 453 So.2d 381, 385 (Fla.1984).
The only other evidence bearing on the issue of the perpetrator’s identity was Mr. Pierro’s testimony that one of the perpetrators wore a plaid shirt and evidence that the police found a plaid shirt in a van driven by the defendant four months after the robbery. Courts have long been sensitive to the obvious importance of establishing at trial the identity of an accused as the perpetrator. See Mathis v. State, 121 Fla. 232, 163 So. 479 (1935) (robbery convictions reversed where evidence as to the identity of the perpetrators was “far from satisfactory”). We find the evidence against the defendant regarding the Pierro robbery to be insufficient to establish his identity as one of the perpetrators of the robbery.
Accordingly, we affirm the defendant’s conviction and sentence for the Mason-Dixie robbery. We reverse the defendant’s conviction for robbery of the Pierro Jewelry store and direct the trial court to vacate that conviction and the concurrent sentence imposed for that count.
RYDER and FRANK, JJ., concur.